IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Mandi Stagl and Heather Burckhard, ) | Case No. 4:11-CV-014 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Aisha Vadell, Dawn Verbruggen ) | |
| and Lorell Seibold d/b/a Beautiful ) | |
| U Day Spa. ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs, Mandi Stagl and Heather Burckhard, and for their Complaint against the Defendants allege and state as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiffs Mandi Stagl and Heather Burckhard are residents of Ward County in the State of North Dakota.

2. Defendants Aisha Vadell, Dawn Verbriggen and Lorell Seibold are all residents of Ward County in the State of North Dakota and are joint owners of a salon in Minot called Beautiful U Day Spa.

3. This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. as hereinafter more fully appears. The jurisdiction of this court is founded upon 28 U.S.C. §1331.

4. Venue is proper in the U.S. District Court for the District of North Dakota,

Northwestern Division, because all of the defendants reside in said District.

## II. STATEMENT OF FACTS RELEVANT TO MANDI STAGL

5. On or about February 2, 2009, Mandi Stagl began work as a cosmetologist at Beautiful U Day Spa. She was informed by the owners that she was being hired as an independent contractor and would be paid on a commission basis.

6. On or about March 1, 2009, Defendants modified their agreement with Mandi Stagl so as to designate her as manager of Beautiful U Day Spa, her compensation consisting of 50% of receipts from her own services and a 10% override on the receipts of other cosmetologists. Stagl discontinued working at Beautiful U Day Spa on October 15, 2009.

7. Based on numerous factors including the degree of control exercised by Beautiful U Day Spa over Stagl's hours at work and performance of her job, her lack of investment in the business, the fact that she worked exclusively for Beautiful U Day Spa and nowhere else, and that her services were a highly integrated part of the salon's business, Stagl was an employee and not an independent contractor.

8. The North Dakota Department of Labor, and the U.S. Department of Labor Employment Standards Administration, Wage & Hour Division, have both investigated the circumstances of Stagl's work for Beautiful U Day Spa and have concluded that she was an employee and not an independent contractor.

9. Between February 2, 2009, and October 15, 2009, Stagl consistently worked at the salon from 10 a.m. to 6 p.m., Monday through Saturday. She also worked many evenings. During this period she worked approximately 1444 regular hours and 422.5 overtime hours.

10. Beautiful U Day Spa did not maintain a record of hours worked by Mandi Stagl,

in violation of 29 U.S.C. §211.

11. Mandi Stagl's total compensation from Beautiful U Day Spa in 2009 was less than $8,500, in violation of the minimum wage and overtime compensation provisions of 29 U.S.C. §§206 and 207.

## III.

### STATEMENT OF FACTS RELEVANT TO HEATHER BURCKHARD

12. Plaintiffs re-allege and incorporate herein the allegations set forth in Paragraphs 1-11.

13. On or about May 27, 2009, Heather Burckhard began work as a cosmetologist at Beautiful U Day Spa. She was informed by the owners that she was an independent contractor and would be paid on a commission basis. Burckhard discontinued working at Beautiful U Day Spa on October 15, 2009.

14. Based on numerous factors including the degree of control exercised by Beautiful U Day Spa over Burckhard's hours at work and performance of her job, her lack of investment in the business, the fact that she worked exclusively for Beautiful U Day Spa and nowhere else, and that her services were a highly integrated part of the salon's business, Burckhard was an employee and not an independent contractor.

15. The North Dakota Department of Labor has investigated the circumstances of Burkhard's work for Beautiful U Day Spa and has concluded that she was an employee and not an independent contractor.

16. Between May 27, 2009, and October 15, 2009, Burckhard consistently worked at the salon from 10 a.m. to 6 p.m., Monday through Saturday. During this period she worked

approximately 840 regular hours and 168 overtime hours.

17. Heather Burckhard's total compensation from Beautiful U Day Spa in 2009 was approximately $4,822.90, in violation of the minimum wage and overtime compensation provisions of 29 U.S.C. §§206 and 207.

## COUNT I

### UNPAID MINIMUM WAGE AND OVERTIME COMPENSATION OWED TO MANDI STAGL

18. Plaintiffs re-allege and incorporate herein the allegations set forth in Paragraphs 1-17.

19. Based on the minimum wage of $6.55 per hour in effect from February 2, 2009, through July 23, 2009, and the minimum wage of $7.25 per hour in effect from July 24, 2009, through October 15, 2009, Mandi Stagl should have received a minimum of approximately $9,890 in regular hourly wages and $4,315 in overtime wages for a total of $14,205. Subtracting approximately $8,500 in compensation received by Mandi Stagl in 2009, Stagl is owed at least $5,705, plus an equal amount as liquidated damages pursuant to 29 U.S.C. §216, for a total amount of $11,410.

## COUNT II

### UNPAID MINIMUM WAGE AND OVERTIME COMPENSATION OWED TO HEATHER BURCKHARD

20. Plaintiffs re-allege and incorporate herein the allegations set forth in Paragraphs 1-19.

21. Based on the minimum wage of $6.55 per hour in effect from May 27, 2009, through July 23, 2009, and the minimum wage of $7.25 per hour in effect from July 24, 2009,

through October 15, 2009, Heather Burckhard should have received a minimum of approximately $5,838 in regular wages and $1,752.24 in overtime wages for a total of $7,590.24. Subtracting approximately $4,822.90 in compensation received by Heather Burckhard in 2009, Burckhard is owed at least $2,767.34, plus an equal amount as liquidated damages pursuant to 29 U.S.C. §216, for a total amount of $5,534.68.

## COUNT III

## SOCIAL SECURITY CONTRIBUTION

22. Plaintiffs re-allege and incorporate herein the allegations set forth in Paragraphs 1-21.

23. As an employer, Beautiful U Day Spa was obligated to pay Social Security taxes on behalf of its employees. In addition to the compensation owed directly to Mandi Stagl and Heather Burckhard as detailed herein, Beautiful U Day Spa must pay Social Security tax on both the compensation actually paid to Plaintiffs in 2009 and all additional amounts of compensation resulting from this action.

## COUNT IV

## ATTORNEY FEES

24. Defendants have rejected all attempts by Plaintiffs to collect the full amount of wages they are owed by law. Plaintiffs request an award of reasonable attorney fees, pursuant to 29 U.S.C. §216.

**WHEREFORE**, Plaintiffs Mandi Stagl and Heather Burckhard pray for judgment against the Defendants as follows:

1. For $5,705 in regular and overtime compensation owed to Mandi Stagl, plus an equal amount in liquidated damages, for a total of $11,410;

2. For $2,767.34 in regular and overtime compensation owed to Heather Burckhard, plus an equal amount in liquidated damages, for a total of $5,534.68;

3. That Beautiful U Day Spa be ordered to pay Social Security taxes on all 2009 compensation previously paid to Plaintiffs and all additional 2009 compensation resulting from this action;

4. For an award of their reasonable attorney fees incurred in this action;

5. For an award of their costs and disbursements herein; and

6. For such other and further relief as the Court may deem just and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs Mandi Stagl and Heather Burckhard demand a trial by jury of the maximum number of jurors permitted by law.

Dated this 1st day of February, 2011.

LARSON LAW FIRM, P.C.

_____
Leo F.J. Wilking (ID# 03629)
ATTORNEY FOR THE PLAINTIFFS
1020 N. Broadway
P.O. Box 2004
Minot, ND 58702-2004
(701) 839-1777