IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Mandi Slagl and Heather Burckhard,<br><br>Plaintiffs,<br><br>vs.<br><br>Aisha Vadell, Dawn Verbruggen and Lorell Seibold d/b/a Beautiful U Day Spa,<br><br>Defendants. | **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE PORTIONS OF SPECIAL ANSWER**<br><br>Case No. 4:11-CV-014 |

Plaintiffs, Mandi Stagl and Heather Burckhardt, respectfully submit this Brief in Support of their Motion to Strike Portions of Special Answer. Plaintiffs request that Paragraphs X, XI, XII, XIII, XIV, XXI, XXIII, XXV and XXVI be stricken. The Motion is based on Rule 12(f) of the Federal Rules of Civil Procedure and is accompanied by the Affidavit of Leo F.J. Wilking.

## LAW AND ARGUMENT

Defendants' Special Answer is marred by multiple unfounded, specious defenses which have no place in this lawsuit. They can fairly be characterized as "immaterial," "impertinent" and possibly even "scandalous." They should be stricken.

Paragraph X

It is asserted that this Court lacks subject matter jurisdiction. Federal courts clearly have subject matter jurisdiction over disputes arising under federal statutes. Plaintiffs' Complaint is based on The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. Paragraph X should be stricken.

Paragraph XI

It is asserted that there is no diversity of the parties. Diversity of citizenship is unnecessary in a lawsuit arising out of a dispute under a federal statute. See 28 U.S.C. §1331. Paragraph XI should be stricken.

Paragraph XII

It is asserted that Plaintiffs' claims are barred by the statute of limitations. Under 29 U.S.C. §216, a plaintiff may commence an action for minimum wage or overtime compensation going back two years from the commencement of the action. This action was filed on February 1, 2011, and Plaintiffs seek compensation for hours worked on or after February 2, 2009. This action is not barred by the statute of limitations and this paragraph should be stricken.

Paragraph XIII

It is asserted that the North Dakota Department of Labor has a reciprocal agreement with the U.S. Department of Labor to investigate federal wage and hour claims, pursuant to N.D.C.C. §34-14-11 and 29 C.F.R. §515.2. These sections in no way circumscribe an individual's right of private action under 29 U.S.C. §216. This paragraph should be stricken.

Paragraph XIV

It is asserted that Plaintiffs' claims for retroactive payment "are not allowed" pursuant to NDCC §34-14-07.11 and 29 C.F.R. §216c. There is no such statute in the North Dakota Century Code and there is no such regulation in the Code of Federal Regulations. Section 34-14-07.1 prohibits retroactive payment in an employment relationship involving an independent contractor with a "valid identification number"

under Section 34-05-01.4, N.D.C.C. Neither Plaintiff had such a valid identification number. This paragraph should be stricken.

Paragraph XXI

It is asserted that Plaintiffs' damages were cause and/or contributed to by Plaintiffs, which operates to bar or reduce their recovery. Plaintiffs' claims have nothing to do with the comparative fault statute in North Dakota and this paragraph should be stricken.

Paragraph XXIII

It is asserted that the Complaint fails to state a claim for which relief can be granted. The Complaint sets forth all necessary elements of a claim for minimum wage and overtime compensation under the Fair Labor Standards Act. This paragraph should be stricken.

Paragraph XXV

It is asserted that to the extent the Complaint asserts a cause of action for financial or emotional distress, those allegations are denied. There are no such allegations in the Complaint and no such relief is sought. This paragraph should be stricken.

Paragraph XXVI

It is asserted that Plaintiffs' Complaint is a frivolous action under Section 28-26-31 N.D.C.C. and that Defendants are entitled to costs and attorney fees. First, state Court provisions as to recovery of attorney fees provide no guidance nor authority for the U.S. District Court of North Dakota. Secondly, the facts alleged in the Complaint clearly indicate this action is not "frivolous." This paragraph should be stricken.

## CONCLUSION

For all the reasons stated herein, Plaintiffs respectfully request that the Court strike Paragraphs X, XI, XII, XIII, XIV, XXI, XXIII, XXV and XXVI of the Special Answer.

Dated this 18th day of March, 2011.

                                        WILKING LAW FIRM, PLLC

BY:   /s/ Leo F.J. Wilking
         Leo F.J. Wilking (#03629)
         Attorney for Plaintiffs
         3003 - 32nd Ave. S/, Suite 240
         P.O. Box 3085
         Fargo, N.D. 58108