**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Mandi Stagl and Heather Burckhard, ) | |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING IN PART** |
| ) | **AND DENYING IN PART PLAINTIFFS'** |
| vs. ) | **MOTION TO STRIKE PORTIONS OF** |
| ) | **SPECIAL ANSWER** |
| Aisha Vadell, Dawn Verbruggen and ) | |
| Lorell Seibold d/b/a Beautiful U Day Spa, ) | |
| ) | Case No. 4:11-cv-014 |
| Defendants. ) | |

Before the court is Plaintiffs' Motion to Strike Portions of Special Answer, which was filed on March 18, 2011. For the reasons set forth below, the motion is granted in part and denied in part.

## I.   BACKGROUND

This action arises out of a wage dispute. Plaintiffs claim that, between February 2 and October 15, 2009, they were shorted on their hourly wages and overtime by defendants to the tune of $8,482.34.[1] They initiated the above-entitled action by complaint on February 2, 2011, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq.* They seek to recover unpaid wages, an equal amount in liquidated damages, and attorney's fees. They also seek an order from the court directing Defendants to pay Social Security taxes on the wages that they did receive as well as on any additional compensation they recover as a result of this action.

On February 21, 2011, Defendants filed their Special Answer to Plaintiffs' complaint. On March 18, 2011, Plaintiffs filed a motion strike several of the affirmative defenses set forth in

---

[1] The complaint alleges that Stagl is owed at least $5,705 in unpaid wages and overtime for work performed between February and October 2009. Docket No. 1 (Complaint and Demand for Jury Trial). It further alleges that Burckhard is owed at least $2,767.34 in unpaid wages and overtime for work performed between May and October 2009. Id.

1

Defendants' Special Answer. Defendants filed their response to Plaintiffs motion on April 1, 2011, asserting that the motion was untimely, or, in the alternative, premature.

## II.     DISCUSSION

### A.     Plaintiffs' Objections to Defendants' Special Answer

#### 1.     Paragraphs X and XI

In paragraphs X and XI of their Special Answer, Defendants asserted that the court lacks subject matter over this dispute and that diversity of citizenship amongst the parties is lacking. Plaintiffs request that these affirmative defenses be stricken as the court's jurisdiction is predicated on the existence of a federal question--an alleged violation of federal law--as opposed to diversity of citizenship and the amount in controversy. In their response to Plaintiffs' motion, Defendants concede that the court has federal question jurisdiction and agree to strike these affirmative defenses.

#### 2.     Paragraph XII

In paragraph XII of their Special Answer, Defendants asserted that Plaintiffs' claims are barred by the applicable statute of limitations. Plaintiffs dispute that their action is time-barred and ask that paragraph XII be stricken. Specifically, they assert that they initiated the above-entitled action within the two-year window contemplated by 26 U.S.C. § 215. In response, defendants explain that they asserted this defense largely as a protective measure. They further insist there remains a possibility that some of Plaintiffs claims may be barred by the statute of limitations.

#### 3.     Paragraphs XIII

Defendants asserted the following in paragraph XIII of their answer:

[T]he North Dakota Department of Labor has a reciprocal agreement with the United States Department of Labor to investigate federal wage and hour claims and has the authority to act on the United States Department of Labor's behalf pursuant to N.D.C.C. § 34-14-11 and 29 C.F.R. § 515.2.

Docket No. 9. Plaintiffs request that this paragraph be stricken on the grounds that the authority cited by Defendants in their Special Answer in no way circumscribes an individual's right of private action under 29 U.S.C. § 216. Defendants respond that Plaintiffs' request is premature given the posture of this case.

### 4. Paragraph XIV

In paragraph XIV Defendants affirmatively asserted that "Plaintiffs' claims for retroactive payment are not allowed pursuant to N.D.C.C. § 34-14-07.11 and 29 C.F.R. § 216(c)." Docket No. 9. Plaintiffs request that this paragraph be stricken as the authority cited by Defendants simply does not exist. In response, Defendants assert that Plaintiffs' request is premature. In so doing, they do acknowledge that the cited authority in their Special Answer is inaccurate and request the court's permission to correct their scrivener's error.

### 5. Paragraph XXI

In paragraph XXI, Defendants asserted that "Plaintiffs' damages were caused and/or contributed to by Plaintiffs, which either bar or reduce Plaintiffs recovery herein." Docket No. 9.

Plaintiffs request that this paragraph be stricken as their claims have nothing to do North Dakota's comparative fault statute. Defendants respond that this request is premature given the lack of discovery. Citing N.D.C.C. § 32-03.2-02, they further assert that Plaintiffs' alleged damages may be diminished in proportion of their contributing fault.

### 6. Paragraph XXIII

Defendants assert in paragraph XXIII that Plaintiffs' claim fails to state a claim for which relief can be granted. Plaintiffs take offense to the suggestion that they failed to articulate cognizable claims, insist that their complaint sets forth all of the necessary elements for a cognizable

3

claim under the FLSA, and demand that paragraph XXIII be stricken. In response, defendants aver that their defense is appropriate under the circumstances and that plaintiffs' request for relief is premature.

### 7.  Paragraph XXV

Paragraph XXV states that "to the extend the complaint asserts a cause of action for direct injuries against Plaintiffs that inflicted financial or emotional distress, those allegations are denied." Docket No. 9.

In their motion, Plaintiffs maintain that this paragraph may be stricken as they have not requested such relief. Notably, Defendants did not refute or otherwise address Plaintiffs' statements in their response to Plaintiffs' motion.

### 8.  Paragraph XXVI

Paragraph XXVI of defendant's Special Answer reads as follows:

> Plaintiffs' Complaint, pursuant to N.D.C.C. § 28-26-31 is a frivolous action and accordingly Defendants are entitled to recovery of their reasonable actual and statutory costs including reasonable attorneys' fees as permitted under N.D.C.C. § 28-26-01. There exists such a complete absence of actual fact or law that no reasonable person could have thought a court would render judgment in Plaintiffs' favor. There exists no evidence that Defendants engaged in any wrongful conduct which allegedly damages the Plaintiffs.

Docket No. 9. Plaintiffs take issue with Defendants characterization of this action as frivolous. They further assert that state law are neither binding nor instructive on this court in this instance. They ask that paragraph XXVI be stricken.

In response, Defendants reiterate their belief that this action is frivolous and Plaintiffs have no evidentiary support for their claims. They further assert that "Plaintiffs' action is merely another way of harassing Defendants." Docket No. 24 (Defendants' Brief in Opposition to Motion

to Strike").

### B. Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f). It further provides that the court act on its own motion or on motion by a party, "either before responding to the pleading, or, if response is not allowed, within 21 days after being served with the pleading." Id.

"Motions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted." Lunsford v. United States, 570 F.2d 221 (8th Cir. 1977) (citing 5 Wright and Miller, Federal Practice and Procedure: Civil § 1380 at 783 (1969)). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." Id.; see also Mastrocchio v. Unnamed Supervisor Special Invest. Unit, 152 F.R.D. 439, 441 (D.R.I. 1993) ("A motion to strike an insufficient defense cannot be granted unless the court is convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." (internal quotations omitted)).

Paragraphs X, XI, XXV of Defendants' Special Answer aside, the court finds Plaintiffs' request to strike Defendants' affirmative defenses is premature given the present posture of this case. Plaintiffs have not shown that Defendants' affirmative defenses are redundant, immaterial, impertinent. Moreover, the parties have yet to engage in any meaningful discovery and Plaintiffs have not demonstrated that they stand to suffer any prejudice should their motion be denied. See American Chiropractic Ass'n v. Trigon Healthcare, Inc., No. 1:00CV00113, 2001 WL 1180469 at

5

*1 (W.D. Va. Oct. 3, 2001) (citing Wright & Miller, Federal Practice and Procedure § 1274 (2d ed.1990), for the proposition that "[m]otions to strike a defense as insufficient ... even when technically appropriate and well-founded ... are often not granted in the absence of a showing of prejudice to the moving party ."). The court is also reluctant at this stage of the proceedings to address what appear to be disputed questions of law and /or fact.

With respect to paragraph XXV of Defendants' Special Answer, Defendants have made no objection and Plaintiffs have made it clear they are only seeking to recover the wages to which they feel entitled. Consequently, the court is inclined to grant Plaintiffs' request to strike paragraph XXV. The court is likewise inclined grant Plaintiffs' request to strike paragraphs X and XI of Defendants' Special Answer.

### III.  CONCLUSION

Plaintiffs' motion as it pertains to paragraphs X, XI, and XXV of Defendants Special Answer is uncontested and therefore **GRANTED**. Paragraphs X, XI, and XXV shall be stricken. Plaintiffs motion as it pertains to paragraphs XIII, IV, XXI, XXIII, and XXVI of Defendants' Special Answer is **DENIED**. The court further **GRANTS** Defendants leave to amend Paragraph XIV of their Special Answer to correct their scrivener's error.

**IT IS SO ORDERED.**

Dated this 8th day of April, 2011.

>*/s/ Charles S. Miller, Jr.*
>Charles S. Miller, Jr.
>United States Magistrate Judge